J-S14045-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JOHNNY McBRIDE, | : | |
| | : | |
| Appellant | : | No. 1578 EDA 2014 |

Appeal from the PCRA Order entered on May 2, 2014
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No(s): CP-51-CR-0008561-2007;
CP-51-CR-1003061-2001

BEFORE: DONOHUE, OLSON and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:               **FILED MARCH 30, 2015**

Johnny McBride ("McBride") appeals the Order dismissing his first Petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

The PCRA court set forth the relevant factual and procedural history in its Opinion, which we incorporate herein by reference for purposes of this appeal. ***See*** PCRA Court Opinion, 8/5/14, 1-3.

On appeal, McBride raises the following issue for our review: "Whether the PCRA court erred by denying relief because [] after[-] discovered exculpatory evidence concerning police misconduct concerning police officers Jeffrey Cujdik ["Officer Cujdik"] and Robert McDonald[,] and the[ir] confidential informant[,] in the case docketed at CP-51-CR-0008561-

---

[1] ***See*** 42 Pa.C.S.A. §§ 9541-9546.

2007, is now available[?]" Brief for Appellant at 2 (some capitalization omitted).

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

McBride contends that the "confidential informant is now available and would testify that he does not know [McBride], that this evidence would have vindicated him [of his conviction,] and that he would not have been found in violation of his probation []." Brief for Appellant at 10. McBride asserts that, based on this after-discovered evidence, he is entitled to a new trial. *Id*.

McBride further claims that Officer Cujdik was "making up information regarding probable cause for arrest[,]" and that, pursuant to a news article published by the Daily News in 2009, a corruption investigation is underway regarding these allegations. *Id*. at 11. McBride also claims that the Philadelphia Inquirer published an article in 2012 regarding the ongoing corruption investigation, wherein it revealed that the City of Philadelphia had settled twenty-one civil lawsuits against Officer Cujdik and Officer Richard Cujdik, at an average of $40,000 each. *Id*. at 14. McBride contends that this information was unavailable to him before and during his trial. *Id*. at

impeach Officer Cujdik, but also to support a Confidential Informant ("CI") motion, a motion to suppress, or to demonstrate that Officer Cujdik lied about the actions of the CI in this and other cases. *Id*. at 13. McBride claims that, if the fact-finder was aware of Officer Cujdik's practice of lying about the use of a CI in the past, the verdict would have been different. *Id*. McBride contends that, although his defense counsel requested information demonstrating that Officer Cujdik is corrupt from the Commonwealth in 2009, the Commonwealth suppressed this information and did not disclose it to McBride, in violation of ***Brady v. Maryland***, 373 U.S. 83 (1963). Brief for Appellant at 13.

McBride asserts that he is entitled to relief under the due process clauses of both the United States and Pennsylvania Constitutions. *Id*. at 15. McBride also claims that the violation of his federal and state constitutional rights entitles him to federal and state *habeas corpus* relief, and to the extent that the PCRA abrogates these rights, it should be deemed unconstitutional. *Id*. at 15-16. Finally, McBride points out that he filed his *pro se* PCRA Petition in 2010, and contends that he should not be denied post-conviction relief because he is no longer serving a sentence. *Id*. at 17.

The PCRA court addressed McBride's claim, set forth the relevant law, and determined that McBride is not entitled to PCRA relief because, at the time the PCRA court dismissed his Petition, McBride was no longer serving a

sentence of imprisonment, probation or parole for the crimes in the instant case. *See* PCRA Court Opinion, 8/5/14, 3-4. Additionally, the PCRA court determined that McBride is not entitled to PCRA relief because he failed to prove any entitlement to a statutory exception to the PCRA's timeliness requirements. *See id*. at 4-6. We agree with the sound reasoning of the PCRA court and affirm on this basis. *See id*. at 3-6.

Order affirmed.

Olson, J., joins the memorandum.

Donohue, J., concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/30/2015



IN THE COURT OF COMMON PLEAS
PHILADELPHIA COUNTY
CRIMINAL TRIAL DIVISION

COMMONWEALTH OF PENNSYLVANIA     :     CP-51-CR-0008561-2007
                                 :     CP-51-CR-1003061-2001



v.

AUG 0 5 2014

Criminal Appeals Unit
First Judicial District of PA

CP-51-CR-0008561-2007 Comm. v. Mcbride, Johnny
Opinion

7181940751

                                 :     SUPERIOR COURT OF PENNSYLVANIA
JOHNNY Mc BRIDE                   :     1578 EDA 2014

O P I N I O N

BRIGHT, J.

On August 16, 2001 Appellant was arrested and charged with two counts of Corrupting Minors and one count each of Indecent Assault and Criminal Solicitation. On April 10, 2002 he appeared before this Court and pled guilty to those crimes. On June 26, 2002 Appellant was sentenced to two concurrent terms of imprisonment of not less than three (3) months nor more than twenty-three (23) months plus three (3) years probation for Corrupting Minors and a concurrent term of two years probation for Indecent Assault; no further penalty was imposed for Criminal Solicitation. On June 23, 2005 Appellant was found to be in violation of probation and he was resentenced to three consecutive years of probation. On June 10, 2008 Appellant again was found to be in violation of probation as a result of new conviction for Possession with Intent to Deliver a Controlled Substance at CP-51-CR-0008561-2007 before the Honorable Thomas Dempsey, and he was resentenced to concurrent terms of imprisonment of not less than one (1) year nor more than two (2) years plus two (2) years probation. Appellant did not take a direct appeal to the Superior Court of Pennsylvania.

On August 27, 2010 Appellant filed the instant Petition pursuant to the Post Conviction Relief Act[1] (hereinafter referred to as PCRA) *pro se*, and PCRA Counsel was appointed. On February 19, 2013 PCRA Counsel filed an Amended Petition and on February 27, 2014 the Commonwealth filed a Motion to Dismiss. On March 25, 20114 Notice pursuant to Pa.R.Crim.P. 907 was sent to Appellant. On May 2, 2014 the PCRA Petition was dismissed. This timely appeal followed on May 20, 2014.

Pursuant to Pa.R.A.P. 1925(b) Appellant was instructed to file a Statement of Matters Complained Of On Appeal. Appellant responded claiming that the PCRA Court erred by denying relief as he is entitled to an exception to the time-bar requirements of 42 Pa.C.S.A.§9543 as he has newly discovered exculpatory evidence that would have vindicated him in the case charging him with Possession with Intent to Deliver a Controlled Substance at CP-51-CR-0008561-2007 and that he would therefore not have been found in violation of probation in the instant case.

## FACTS

The Commonwealth summarized the facts at the time of the guilty plea. N.T.[2] 1/30/2004. On August 6, 2001, Complainant AR, age sixteen, was in the 4500 block of Benner Street, Philadelphia, PA when Appellant approached her in his jeep and told her that one of her friends was in trouble at the playground and he offered to drive her to that location. AR got into Appellant's vehicle but instead of going to the playground Appellant drove to a parking lot at 4800 Comply Street and told her that he wanted to talk. AR demanded to be taken back to

---

[1] 42 Pa.C.S.A.§9541, *et seq.*
[2] "N.T." refers to the Notes of Testimony taken at trial before the Honorable Gwendolyn N. Bright on April 10, 2002.

2

Benner Street and she attempted to exit the vehicle but found the doors were locked and that she was unable to unlock the doors. Appellant pulled a large sum of money from his pocket and offered her money to have sex with him and AR refused. Appellant attempted to untie the top of AR's shorts, put his hand into her panties, and then placed AR's hand on his crotch. He told AR that he wanted to perform oral sex on her and promised AR two hundred dollars ($200) for each time she reached orgasm. Again, AR refused and renewed her demand to be returned to Benner Street. Eventually, Appellant took the complainant back to Benner Street and told her not to report the incident saying that if she ever needed money or wanted marijuana he would supply it to her.

Sometime after the incident, AR told her girlfriend, Complainant CD, what happened and CD told AR that Appellant made sexual advances toward her as well. CD lived across the street from Appellant and on August 16, 2001 the two girls were at CD's house and the girls observed Appellant across the street staring in their direction. They then contacted police and Appellant was arrested.

## DISCUSSION

Appellant complains that the Court erred in denying PCRA relief. This claim is without merit.

42 Pa.C.S. §9543 provides, in pertinent part, as follows:

§ 9543. Eligibility for relief

(a) General rule.--To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:

(1)    That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:
    a.  currently serving a sentence of imprisonment, probation or parole for the crime"

3

At the time of decision on Appellant's PCRA Petition he was not serving a sentence of imprisonment, probation, or parole for crimes in the instant case. He is therefore not eligible for PCRA relief. Error was not committed.

Moreover, Appellant's Petition is not timely and he has failed to prove entitlement to a statutory exception to the time-bar of 42 Pa.C.S. §9545(b)(1). 42 Pa.C.S. §9545 provides:

"§ 9545. Jurisdiction and proceedings

(a) Original jurisdiction.--Original jurisdiction over a proceeding under this subchapter shall be in the court of common pleas. No court shall have authority to entertain a request for any form of relief in anticipation of the filing of a petition under this subchapter.

(b) Time for filing petition.--

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."

4

The statutory time restrictions under the PCRA are mandatory and jurisdictional in nature and may not be altered to reach the merits of the claims raised in the Petition. *Commonwealth v. Cintora*, 69 A.3d 769 (Pa. Super. 2013).

In the case at CP-51-CR-1003061-2001, Appellant was resentenced on June 26, 2002 after a violation of probation and he did not file a direct appeal to the Superior Court of Pennsylvania. The sentence in that case became final on July 26, 2002, i.e., thirty (30) days following the imposition of sentence. Pa.R.A.P. 903(A). In the case at CP-51-CR-0008561-2007, Appellant was sentenced on April 25, 2008. The sentence in that case therefore became final on May 27, 2008. Appellant filed the instant PCRA Petition on August 27, 2010, well in excess of the one year limitation of 42 Pa.C.S. §9545(b)(1).

Nevertheless, Appellant asserts that exculpatory evidence concerning the confidential informant in the drug case at CP-51-CR-0008561-2007 is 'newly discovered' and that he would not have been found in violation of probation in the case at CP-51-CR-1003061-2001 had this evidence been available to him at the time of the Gagnon II hearing held in that case. He also asserts the governmental interference exception for an alleged failure to provide this 'newly discovered' 'exculpatory' evidence pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). These assertions are baseless.

Appellant predicates his claims to an exception to the time limitations on a newspaper article that appeared in the Philadelphia Daily News on February 9, 2009 which exposed an FBI investigation into alleged police misconduct of Philadelphia Police Officers Jeffrey Cujdik and Robert McDonald who were involved in the drug case which precipitated the direct violation of Appellant's probation. The allegation was that Officers Cujdik and McDonald were fabricating

5

evidence in order to obtain convictions in drug cases they investigated. The gravamen of Appellant's position is that the confidential informant involved in the drug case is now available and would testify that he does not know Appellant. No affidavit from the confidential informant, or other evidence, has been presented to support this assertion and the FBI investigation did not result in charges against Cujdik and McDonald. There has been no official confirmation of the extent of the investigation and Appellant has failed to demonstrate that there is any after-discovered, exculpatory evidence that would provide a basis for an exception to the time-bar of the PCRA. Error was not committed.

Moreover, 42 Pa.C.S. §9545(b)(2) provides that any petition invoking an exception provided in 42 Pa.C.S. 9545(b)(1) shall be filed within 60 days of the date the claim could have been presented. Appellant filed the instant *pro se* PCRA Petition on August 27, 2010, more than 60 days after the information regarding the police officers was made public. Error was not committed.

## CONCLUSION

For the foregoing reasons error was not committed and the Order granting Post-conviction DNA testing as prayed should be affirmed.

BY THE COURT

DATE: 8/4/14

_____
BRIGHT, J.

6